UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

--------------------------------------------------------x
               :
FRANCIS ANDERSON          :          3:10 CV 1442 (CSH)
               :
V.                   :
               :
MICHAEL J. ASTRUE,      :
COMMISSIONER OF SOCIAL SECURITY   :       DATE: JANUARY 5, 2011
               :
-------------------------------------------------------- x

## RECOMMENDED RULING ON DEFENDANT'S MOTION TO DISMISS

Plaintiff, Francis Anderson, commenced this action pro se on September 9, 2010

against defendant Michael J. Astrue, the Commissioner of Social Security.[1]  (Dkt. #1).

Plaintiff contends that he has several disabilities and that he was found disabled by the Social

Security Administration in 2007 but his disability benefits have since been terminated.  (Id.).

On September 17, 2010, Senior United States District Judge Charles S. Haight, Jr. referred

this case to this Magistrate Judge.  (Dkt. #4).

On November 30, 2010, defendant filed the pending Motion to Dismiss pursuant to

Fed. R. Civ. P. 12(b)(1), along with his brief and affidavit in support. (Dkt. #13).[2]  On

December 6, 2010, plaintiff filed his brief in opposition.  (Dkt. #15).[3]  On October 5, 2010,

plaintiff filed a Motion to Appoint Counsel, which was denied without prejudice to renewal

---

[1]On the same day, plaintiff filed a Motion for Leave to Proceed In Forma Pauperis (Dkt. #2), which motion was granted eleven days later. (Dkts. ##4-5).

[2]Attached to defendant's brief and affidavit of Lisa Dickinson, sworn to November 24, 2010, are copies of the following: Notice of Decision- Fully Favorable, issued September 20, 2007 (Exh. 1); copy of correspondence from SSA, dated November 9, 2007 (Exh. 2); copy of Notice of Disapproved Claim from SSA, dated December 18, 2007 (Exh. 3); copy of correspondence from SSA, dated June 27, 2009 (Exh. 4); copy of correspondence from SSA, dated June 29, 2009 (Exh. 5); copy of computer print-outs (Exhs. 6 and 8); and copy of record of actions in plaintiff's claim on SSA's online retrieval system (Exh. 7).

[3]Attached to plaintiff's brief is a copy of a letter from the Inmates' Legal Assistance Program, dated November 17, 2010.

three days later. (Dkts. ##10-11).  On December 6, 2010, plaintiff filed a second Motion to Appoint Counsel (Dkt. #14), in response to which defendant filed an objection on December 16, 2010.  (Dkt. #16).[4]

For the reasons set forth below, defendant's Motion to Dismiss (Dkt. #13) is <u>granted</u> and plaintiff's Motion to Appoint Counsel (Dkt. #10) is <u>denied as moot.</u>

<u>I. DISCUSSION</u>

Under the Social Security Act, a federal court has jurisdiction over a Social Security appeal after the Commissioner renders a final decision.  42 U.S.C. 405(g).[5]  Further, as articulated by Congress, such final decision occurs after a claimant is a party to his or her hearing, and no findings of fact or decision by the Commissioner shall be reviewed except for as provided in the Act.  42 U.S.C. § 405(h).  While Congress does not define the term "final decision," "its meaning is left to the [Commissioner] to flesh out by regulation," and the Commissioner has specified such requirements for administrative exhaustion. <u>Weinberger v. Salfi</u>, 422 U.S. 749, 766 (1975)(footnote omitted); <u>see</u> 42 U.S.C. § 405(a)("The Commissioner of Social Security shall have full power and authority to make rules and regulations and to establish procedures, . . . which are necessary or appropriate to carry out such provisions . . . .").  The principal of exhaustion is an important one, as exhaustion

---

[4]Attached to defendant's brief is a copy of case law.

[5]42 U.S.C. 405(g) reads, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

> is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

Weinberger, 422 U.S. at 765 (citation omitted).

The Commissioner, in the Social Security Regulations, has articulated a four-step process by which a claimant must exhaust certain administrative remedies before proceeding to court. First, a claimant files an application for benefits and receives an initial determination. 20 C.F.R. § 404.902. If a claimant is "dissatisfied with the initial determination," he may request reconsideration, 20 C.F.R. § 404.907, and if he is still dissatisfied with the reconsidered decision, he may request a hearing before an ALJ. 20 C.F.R. § 404.929. The claimant may seek review of an unfavorable decision by an ALJ by requesting that the Appeals Council review the ALJ's decision. 20 C.F.R. § 404.967. The subsequent decision by the Appeals Council is the final decision of the Commissioner; thus, a claimant may then seek judicial review by filing an action in a federal district court within sixty days after receiving notice of the Appeals Council's action. 20 C.F.R. § 404.981.

In this case, on September 20, 2007, after a hearing before ALJ Joyce Krutick Craig, ALJ Craig found plaintiff disabled as of July 7, 2005, the date of his application for Supplemental Security Income ["SSI"]. (Dkt. #13, Brief, Exh. 1).[6] In that decision, plaintiff was informed that: "Another office will process the decision and send you a letter about your benefits. Your local Social Security office or another may first ask you for more information. If you do not hear anything for 60 days, contact your local office." (Id. at 1). Thereafter, in a letter dated November 9, 2007, plaintiff was informed by SSA that he must respond to

---

[6]This letter was addressed to plaintiff at a Laurel Street address in Hartford, CT. (See id.).

the request for information by December 9, 2007 to provide more information needed for SSA to "decide if we can pay you SSI." (Id., Exh. 2).[7]  On December 18, 2007, plaintiff was informed by SSA that while he was found eligible for SSA on September 20, 2007, "We now find that you do not meet the nonmedical rules.  Because of this, you are not eligible for SSI . . . because we did not receive the information and/or evidence we asked you to give us." (Id., Exh. 3).[8]

Sometime thereafter, plaintiff submitted a letter to SSA which was construed as a request for reconsideration of his denial of benefits, in response to which, in a letter dated June 27, 2009, SSA advised plaintiff that "we are unable to provide you with your request since you are currently incarcerated[,]" but that plaintiff should reapply when he is released from prison.  (Id., Exh. 4).[9]  Two days later, on June 29, 2009, plaintiff was informed in writing by SSA that although they spoke to plaintiff on June 24, 2009 and set up an appointment with plaintiff for June 29th, plaintiff did not keep the appointment, and thus SSA made an "informal decision that you are not eligible for SSA." (Id., Exh. 5).[10]  Plaintiff was informed that he was not eligible because he had not filed an application for SSI; plaintiff was informed that he may want to file a claim for SSI if: he wants a formal decision about his eligibility; he disagrees with SSA's decision; or he wants to give them more facts about his case.  (Id.).  According to SSA records, plaintiff has not filed a new application, no

_____

[7]This letter was addressed to plaintiff at a Merris Street address in Hartford, CT.  (See id.).

[8]This letter was addressed to plaintiff at the Laurel Street address in Hartford, CT. (Id.).

[9]This letter was addressed to plaintiff at Corrigan Correctional Institution ["CI"].  (Id.). Social Security benefits are not payable to any individual confined in a "jail, prison, or other penal institution or correctional facility."  42 U.S.C. § 402 (x)(1)(A); 20 C.F.R. § 404.468(a).

[10]This letter was also addressed to plaintiff at the Corrigan CI address. (Id.).

reconsideration determination has been issued based on plaintiff's July 5, 2007 application for SSI, and an ALJ has not issued a subsequent decision since the September 20, 2007 findings. (Dkt. #13, Brief, Exhs. 6-8).

Despite the contact plaintiff made with SSA on June 24, 2009, and the several letters addressed to plaintiff at addresses in Hartford, CT, plaintiff contends that he did not "have knowledge of his [SSI] being granted, because all information was going to [sic] bogus attorney . . . ." (Dkt. #15).

Plaintiff has satisfied two of the four steps required to exhaust his administrative remedies before proceeding to court. Plaintiff filed his application for benefits and received an initial determination, 20 C.F.R. § 404.902, and after plaintiff was informed that he would not receive his benefits because he failed to provide additional requested information, plaintiff requested reconsideration of that decision, 20 C.F.R. § 404.907 (see Dkt. #13, Brief, Exh. 4). Although an informal reconsideration decision was made, plaintiff did not request further review of that decision, nor has he filed a subsequent application for benefits.[11] A final decision has not been made after a hearing under 42 U.S.C. § 405(g), and thus this Court may not exercise jurisdiction over this matter.

For the reasons set forth above, defendant's Motion to Dismiss (Dkt. #13) is granted pursuant to FED. R. CIV. P. 12(b)(1), and plaintiff's Motion to Appoint Counsel (Dkt. #10) is denied as moot.

The parties are free to seek the district judge's review of this recommended ruling. See 28 U.S.C. § 636(b)**(written objection to ruling must be filed within fourteen**

---

[11]As of the date of this decision, plaintiff is incarcerated and thus cannot be granted benefits until he is released. See 42 U.S.C. § 402(x)(1)(A); 20 C.F.R. § 404.468(a); see also Langella v. Gov't of U.S., 6 Fed. Appx. 116, 117 (2d Cir. 2001).

**days after service of same)**; FED. R. CIV. P. 6(a), 6(e), & 72; Rule 72.2 of the Local Rule for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit)**.

Dated this 5th day of January, 2011, at New Haven, Connecticut.


  /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge